UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-2188

JAMES EDWARD MCGILL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
John A. MacKenzie, Senior District Judge.
(CR-94-9)

Submitted: March 21, 1996

Decided: April 3, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Edward McGill, Appellant Pro Se. James Ashford Metcalfe,
Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James E. McGill appeals from the district court's order denying his motion for the return of property. Because the district court did not abuse its discretion in denying the motion, we affirm. <u>See Ramsden v. United States</u>, 2 F.3d 322, 324 (9th Cir. 1993), <u>cert. denied</u>, ___ U.S. ___, 62 U.S.L.W. 3705 (U.S. Apr. 25, 1994) (No. 93-8393).

On appeal, McGill seeks to remove the restraining order placed on his savings bonds subsequent to his indictment. Although the savings bonds are not tainted proceeds from his conviction, they are properly subject to forfeiture as substitute assets pursuant to 18 U.S.C.A. § 982(b)(1)(A) (West Supp. 1995). In his plea agreement, McGill expressly agreed that forfeiture could be obtained against any of his untainted assets in the event directly forfeitable assets were unavailable. He further agreed that he would not contest efforts to forfeit such substitute assets. Furthermore, he agreed at the time of his guilty plea to the continuing restraint of substitute assets "until the conclusion of all matters, including appeals and forfeiture proceedings, relating to this case."

Although the restraining order was placed on McGill's savings bonds before his conviction, this court has upheld pre-trial restraints on substitute assets. <u>See In re Billman</u>, 915 F.2d 916 (4th Cir. 1990), <u>cert. denied</u>, 500 U.S. 952 (1991). Because the forfeiture judgment against McGill has not yet been satisfied, the district court did not abuse its discretion in declining to remove the restraining order placed on McGill's savings bonds. Accordingly, we affirm the district court's order denying McGill's motion for the return of property. We further deny McGill's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>